IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-03044-REB

PATRICIA D. HARRISON,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

---

## ORDER AFFIRMING COMMISSIONER

---

**Blackburn, J.**

      The matter before me is plaintiff's **Complaint** [#1][1], filed November 19, 2012,

seeking review of the Commissioner's decision denying plaintiff's claim for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I

have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

The matter has been fully briefed, obviating the need for oral argument.  I affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that she is disabled as a result of post-traumatic stress disorder

and associated anxiety, bi-lateral knee pain, sleep apnea, and gastroesophageal reflux

disease.  After her application for disability insurance benefits was denied, plaintiff

requested a hearing before an administrative law judge.  This hearing was held on Mary

18, 2011.  At the time of the hearing, plaintiff was 58 years old.  She has an college

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order

education and past relevant work experience as an adjunct college professor and as a founding member/officer of a computer graphics consulting firm.  She has not engaged in substantial gainful activity since January 28, 1998, her alleged date of onset. Plaintiff's date last insured was December 31, 2003.  *See* 20 C.F.R. § 404.131(a).

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from various physical and mental impairments, the judge concluded that none of these impairments was sufficiently severe for the requisite 12-month period of time to significantly limit plaintiff's ability to perform basic work activity prior to her date last insured.  He therefore found plaintiff not disabled at step two of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d

335, 338 (10th Cir. 1995).

      The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled:

    1.    The ALJ must first ascertain whether the claimant is
engaged in substantial gainful activity. A claimant who is
working is not disabled regardless of the medical findings.

    2.    The ALJ  must then determine whether the claimed
impairment is "severe."  A "severe impairment" must
significantly limit the claimant's physical or mental ability to
do basic work activities.

    3.    The ALJ must then determine if the impairment meets or
equals in severity certain impairments described in Appendix
1 of the regulations.

    4.    If the claimant's impairment does not meet or equal a listed
impairment, the ALJ must determine whether the claimant
can perform his past work despite any limitations.

    5.    If the claimant does not have the residual functional capacity
to perform her past work, the ALJ must decide whether the
claimant can perform any other gainful and substantial work
in the economy.  This determination is made on the basis of
the claimant's age, education, work experience, and residual
functional capacity.

20 C.F.R. § 404.1520(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy.  *Id.*  A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

## III. LEGAL ANALYSIS

Plaintiff's primary argument on appeal is that the ALJ erred in determining that her various impairments were not "severe" within the meaning of the Commissioner's regulations prior to her date last insured. Reviewing the evidence and the rationale articulated by the ALJ in his disability opinion, I cannot agree, and therefore affirm.

4

The record reveals that plaintiff has struggled with depression on and off for most of her adulthood, apparently relating to past sexual and emotional abuse.  (Tr. 209 ("[Plaintiff] states that she has been dysthymic most of her life.").)  She was hospitalized in 1976 following a suicide attempt related to depression and attended therapy "on and off" from that time until 1997.  (*See* Tr. 209.)

Tragically, in April 1997, plaintiff's eleven-year old son died by suicide.  One month later, plaintiff was admitted to the hospital with increased anxiety, inability to sleep, and suicidal ideation with plan.  (Tr. 202, 208.)  Plaintiff "was extremely regressed and withdrawn through the bulk of her hospital stay. . . unable to even engage effectively in either group or individual treatment sessions" (Tr. 198), and her condition was extreme enough that a course of electroconvulsive therapy was recommended (Tr. 203).  Doctors noted "a rather marked turnaround after the third [electroconvulsive] treatment" and described her affect as "distinctly brighter" and "optimis[tic]" after administration of a fourth treatment and the commencement of therapy with the ward doctor.  Plaintiff was discharged after 16 days and was to continue on prescribed medications and receive additional electroconvulsive treatments following her discharge.  (Tr. 198-199.)

Plaintiff was readmitted to the hospital on January 29, 1998, with "a very dramatic recurrence of severe depressive symptoms with escalating suicidality despite aggressive medical treatment with two different antidepressants at full therapeutic doses."  (Tr. 197.)  She received an additional six electroconvulsive treatments while hospitalized on that occasion.  Although the initial treatments resulted in no appreciable benefits, "[a]fter her 6th [treatment], [plaintiff] began to show much more profound

improvement," was "far more animated, smiling spontaneously, no longer voicing feelings of hopelessness and suicidality."  She was discharged after 13 days at her own request, with an agreement to complete the remaining three electroconvulsive therapy treatments in her nine-treatment series on an outpatient basis.  (Tr. 192; *see also* Tr. 220-222).  Plaintiff completed that course of treatment plus two more.  The last such treatment reflected in the record occurred on March 23, 1998.  (Tr. 218.)

The ALJ considered this evidence and concluded that plaintiff had failed to demonstrate that her mental impairment was "severe," as that term is defined by the regulations, for a period of at least 12 months prior to her date last insured.  An impairment is considered "severe" unless it is no more than a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . ."  **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985).  Although a claimant's burden to satisfy this standard is *de minimis*, ***Hawkins v. Chater***, 113 F.3d 1162, 1169 (10ᵗʰ Cir. 1997), the standard is not toothless, *see **Kirby v. Astrue***, 500 F.3d 705, 708 (8ᵗʰ Cir. 2007).  Most importantly for present purposes, an impairment cannot be considered disabling unless it was severe for a period of at least 12 consecutive months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); ***Kelley***, 62 F.3d at 338.

I can find no reversible error in the ALJ's conclusion in this regard.  Plaintiff alleged an onset date of January 29, 1998,[2] which coincided with the date of her second

---

[2]  I cannot agree with plaintiff that the ALJ was required to enlist the opinion of a medical adviser to determine the date of onset.  As the ALJ himself noted, the record demonstrates that plaintiff's impairments and symptoms became progressively worse over time.  (Tr. 15.)  As the ALJ documented in his decision, however, the medical evidence demonstrated this deterioration did not begin to manifest until

hospitalization.  There can be no doubt that plaintiff was in a dire state at that time and

required aggressive treatment.  Nevertheless, she improved enough during her stay to

feel comfortable completing her course of electroconvulsive treatment on an out-patient

basis.  The last such treatment of record occurred in late March 1998  (Tr. 218),

apparently because plaintiff chose to pursue therapy with Dr. Judson Anderson instead

(*see* Tr. 32).  However, the record inexplicably contains no treatment records from Dr.

Anderson, so there is nothing to suggest that whatever treatment plaintiff received after

March 1998 was ineffective.  Similarly, although plaintiff continued to take medications

for depression, there is nothing in the record suggesting that her impairment was not

well-controlled by medication.[3]  *See Pacheco v. Sullivan*, 931 F.2d 695, 698 (10th Cir.

1991).  Accordingly, plaintiff failed to meet her burden to demonstrate that her mental

impairment was severe for a period of at least 12 consecutive months.

Plaintiff nevertheless faults the ALJ for failing to consider the combined effect of

her mental and physical impairments.  *See* **Social Security Ruling 85-28**, 1985 WL

56856 at *1-2 (SSA 1985).  The ALJ did evaluate plaintiff's suggested physical

impairments – gastroesophageal reflux disease, knee pain, and sleep apnea – but

---

2008 at the earliest, well past plaintiff's date last insured.  There thus was no ambiguity regarding the date of onset to be resolved, such as would have required the opinion of a medical adviser.  *See Blea v. Barnhart*, 466 F.3d 903, 911-12 (10th Cir. 2006).

[3]  Indeed, although plaintiff saw her primary care physician several times between the date of her discharge from the hospital and her date last insured (*see* Tr. 660-678), the first mention of psychiatric medications in these records does not arise until September, 1999, when it was noted that plaintiff had tapered off her Effexor.  (Tr. 674.)  No medications for the treatment of depression or anxiety are even mentioned again thereafter until April, 2003.  (Tr. 663.)  There is no record of any other kind of therapy whatsoever.  While plaintiff's depression clearly was a chronic condition, and the court does not doubt that plaintiff most likely was continued on some form of anti-depressant medication throughout this time period, those facts alone are insufficient to establish disability in the absence of evidence that such treatment was ineffective in controlling her symptoms.

found no evidence that any of these conditions would impose work-related functional

limitations that might support a finding of severity, noting that all had responded well to

treatment. (Tr. 14-15.) These conclusions are substantiated by the evidence of record,

which the ALJ specifically addressed. Nothing in the record suggests that these

impairments had any greater impact collectively than they did individually. Any error in

this regard therefore was undoubtedly harmless. *See Williams v. Chater*, 1995 WL

490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a

party's substantive rights is not a basis for reversal."); *Bernal v. Bowen*, 851 F.2d 297,

303 (10th Cir. 1988) (mere fact of error does not warrant remand if the ALJ's

determination is otherwise supported by substantial evidence).[4]

Moreover, given this paucity of evidence, the ALJ did not err in affording no

weight to disability opinion of Dr. Jeffrey Kent, plaintiff's long-time primary care

physician. (*See* Tr. 15.) The ALJ found that Dr. Kent's May 2011, opinion suggesting

that plaintiff had marked or extreme limitations in all four areas of functional limitation

which are relevant under paragraphs B and C of the Commissioner's Listings

addressing affective disorders, was not supported by the medical evidence of record

during the relevant time period. (*See* Tr. 15, 635-636.) *See* 20 C.F.R., Pt. 404, Subpt.

P, app. 1, §§ 12.00A & 12.04 . As set forth above, the evidence patently fails to

---

[4] Similarly, I perceive no reversible error in the ALJ's failure to consider the symptom-related limitations imposed by these conditions. *See* **Social Security Ruling 85-28**, 1985 WL 56856 at *1-2 (SSA 1985). No medical source ever imposed function-related limitations on plaintiff due to her alleged symptoms, all of which appear to have pre-dated plaintiff's alleged date of onset, during the period of time while she was still working. (*See* Tr. 238 (plaintiff complained of "sleepiness on the job"), 290-291 (in 2003, plaintiff reported "10-year history of [GERD]"), 462 (noting in October, 1998, that plaintiff had previous arthroscopy and "has had knee problems for quite some time").) *See* 20 C.F.R. § 404.1520(b) (claimant who is performing substantial gainful activity is not disabled regardless of medical condition, age, education, or work experience).

substantiate Dr. Kent's conclusions in this regard as to any date prior to plaintiff's date last insured.  Thus, and although a treating source opinion cannot be rejected absent specific, legitimate reasons tied to the evidence of record, ***Watkins v. Barnhart***, 350 F.3d 1297, 1301 (10th Cir. 2003), the ALJ here did articulate good cause for the weight he assigned to this opinion, *see **Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987).[5]

Likewise, the opinions of Dr. Anderson and Dr. Elliot Cohen, although rendered prior to the date last insured, were properly afforded no weight.  (***See*** Tr. 15-16.) Although these opinions clearly demonstrate that plaintiff continued to suffer from depression in late 1998 and 1999, such a suggestion does not in itself support the relevant conclusion that this condition was disabling for a period of time sufficient to meet the durational requirement.  ***See*** 20 C.F.R. § 404.1527(d)(1) (determination that claimant is disabled reserved to the Commissioner, and source statement on that issue entitled to no particular weight); ***accord Sosa v. Barnhart***, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), ***adopted***, 2003 WL 21428384 (D. Kan. Jun. 17, 2003).  ***See also Bernal***, 851 F.2d at 301 (finding of disability must be based on more than mere diagnosis of impairment).  Both of these opinions consist of a half page check-box form unsubstantiated by any treatment notes.  (***See*** Tr. 623, 624.)  Thus, even assuming *arguendo* that Drs. Anderson and Cohen were treating sources, the ALJ articulated specific and legitimate reasons substantiating good cause for refusing to afford their

---

[5] Moreover, Dr. Kent is not a psychiatrist or a psychologist, and thus his assessment of plaintiff's mental abilities would be entitled to less weight in any event.  ***See*** 20 C.F.R. § 404.1527(c)(2)(ii) & (c)(5); ***Kelley v. Callahan***, 133 F.3d 583, 589 (8th Cir. 1998).

opinions any weight.[6]  *Frey*, 816 F.2d at 513.

Finally, there was no reversible error in the ALJ's failure to consider the fact that plaintiff received long-term disability benefits from her employer for a period of time prior to the date last insured.  "Although another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find it persuasive."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (citation omitted).  *See also* 20 C.F.R. §§ 404.1512(a) & (b)(5). Plaintiff presents neither argument nor evidence to suggest what factors informed the decision to grant her claim for long-term disability benefits, much less demonstrated how such factors might have impacted the ALJ's decision.  Any error in this regard therefore was harmless.[7]  *Bernal*, 851 F.2d at 303.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 6, 2014, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge

---

[6]  The ALJ did not err in further concluding that the opinions apparently were based wholly on plaintiff's subjective complaints.  (Tr. 16.)  Dr. Cohen's opinion was expressly based on his "initial interview" of plaintiff (Tr. 623), and Dr. Anderson likewise stated his opinion was "[b]ased on preliminary eval[uation]" (Tr. 624).  From this, the ALJ was well within his purview in concluding that these statements of disability were based largely on plaintiff's subjective complaints, which are insufficient, standing alone, to establish the existence of a severe impairment at step 2.  **Social Security Report 96-3p**, 1996 WL 374181 at *2 (SSA July 2, 1996).

[7]  Likewise, plaintiff's observation that she was not working during this time period merely assumes what it seeks to prove, i.e., that plaintiff was not working because she was disabled by severe impairments that lasted for at least 12 consecutive months.  As noted herein, that conclusion is not borne out by the record.